UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        v.

MICHAEL VICKI,

                        Defendant.

**Hon. Hugh B. Scott**

06CR194S

**Order**

Before the Court is defendant's motion for suppression, production of discovery, and other forms of relief (Docket No. 19[1]). This case was referred for pretrial matters on July 14, 2006 (Docket No. 14).

## BACKGROUND

Defendant is changed in an indictment (Docket No. 12) with possession of cocaine and other controlled substances and possession of a firearm (a shotgun), in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2), and 21 U.S.C. § 844(a).

Defendant's residence, in the Town of Niagara, New York, was searched on February 22, 2006, pursuant to a state court search warrant (Docket No. 19, Def. Atty. Affirm. ¶ 15). The warrant was based upon information given to the state magistrate from either a confidential informant or law enforcement personnel (id. ¶ 17). Defense counsel has not seen the material underlying this warrant and disputes whether there was adequate probable cause for the search

---

[1] An earlier version of this motion was filed, Docket No. 16, but had to be refiled due to electronic case filing guideline issues.

(id. ¶ 18).  The search produced drug paraphernalia, the shotgun (among others), ammunition, vial with a white powdery substance, pills, empty pill bottle (id. ¶ 16).  Defendant now moves to suppress the evidence, for a bill of particulars, for discovery of various items (Docket No. 19).  The Government objects to a suppression hearing and responds to the discovery sought and also argues that defendant has not shown how particularization would help in preparing his defense (Docket No. 21).

Oral argument was scheduled for August 23, 2006 (see Docket No. 22), but was not held.  A conference was held on September 5, 2006, but no argument was held; the motion was submitted on papers (minute entry, Sept. 5, 2006).

## DISCUSSION

This Order will consider defendant's motion to suppress.  Given that defense counsel has not been appraised of the basis for the search warrant issued by the state court judge, an evidentiary hearing is in order to determine whether probable cause for issuance of that warrant.

## CONCLUSION

For the reasons stated above, defendant's motion to suppress (Docket No. 19) is **held in abeyance pending a hearing**.  The Court will separately schedule this evidentiary hearing.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 14, 2006